JOSE ANTONIO NOGUEIRA,

    Petitioner,

vs.

                                CIVIL ACTION NO.: CV513-037

T. JOHNS, Warden, and
DHS-ICE,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Antonio Nogueira ("Nogueira") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Nogueira challenges the lawfulness of future custody due to an immigration detainer that was filed against him. Because the Bureau of Immigration and Customs Enforcement ("ICE") never took Noguiera into custody and Nogueira was released from confinement by the Bureau of Prisons ("BOP") on June 4, 2013, he is no longer "in custody" under § 2241.[1] As a result, his petition should be **DISMISSED**. However, because Nogueira was arguably "in custody" when his petition was filed, the undersigned will address the merits of the petition. Even if Nogueira were still "in custody," his petition is due to be **DENIED**, for the reasons which follow.

## STATEMENT OF THE CASE

---

[1] "When a prisoner's sentence has fully expired, he is not 'in custody' as required by § 2241[.]" Jackson v. Sec'y for Dep't of Corr., 206 F. App'x 934, 935 (11th Cir. 2006).

AO 72A
(Rev. 8/82)

Nogueira served a 42-month sentence for conspiracy to commit health care fraud and submission of false claims in violation of 18 U.S.C. §§ 371, 1349, and 287. (Doc. No. 7-1, p. 2). He was released from confinement on June 4, 2013.[2]

Nogueira challenges the lawfulness of future custody based upon the ICE detainer. The entirety of Nogueira's petition states:

> Petitioner has, signed a Stipulation order, so that his detention (Future) will not be forseen . . . Petitioner ask the Court for Relief so that his custody not exceed June 4th 2013, Petitioner is subject to deportation, but because his status, Cuban Refugee, after his deportation, will not be subject to removal from the Country, but, paroled to D.H.S.

(Doc. No. 1, pp. 4-5).

Respondent avers that Nogueira is not entitled to the relief he seeks because the case is moot. Respondent asserts that Petitioner was notified he would not be taken into ICE custody upon completion of his sentence, and would instead be placed on supervised release. Respondent contends Nogueira's immigration detainer was lifted and he was not taken into ICE custody upon the completion of his incarceration. Respondent states that as a result, the relief Nogueira seeks is no longer available, and thus, Nogueira cannot bring this § 2241 petition.

## DISCUSSION AND CITATION TO AUTHORITY

The Eleventh Circuit has held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security ("DHS") or ICE. Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990); Oguejiofor v. Attorney General of United States, 277 F.3d 1305, 1308 n.2 (11th Cir. 2002). ). This position is in accord with the majority of Courts of Appeals. See e.g.,

---

[2] Federal Bureau of Prisons Inmate Locator, www.bop.gov. Nogueira filed the instant petition while he was incarcerated at the D. Ray James Correctional Institution in Folkston, Georgia.

Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003); Garcia v. Taylor, 40 F.3d 299, 303-04 (9th Cir. 1994); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). "The underlying rationale of these courts is that a detainer, as distinguished from other [ICE] orders, does not put a 'hold' on" the individual. Ryan v. Dep't of Homeland Sec., No. 3:09cv399/LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010); accord Galaviz-Medina v. Wooten, 27 F.3d 487 (10th Cir. 1994) (noting that, when no detainer is lodged, § 2241 does not confer jurisdiction). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Id. (internal citation omitted). "In the immigration context, a detainer usually serves only as a notice to prison authorities that . . . ICE is going to be making a decision about the deportability of the alien in the future." Id. (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty." Id. "Because there is no actual claim to the individual following the completion of his criminal sentence, there is no custody." Id.

Nogueira sought an order granting him a writ of habeas corpus and release from future ICE custody based upon an ICE detainer lodged against him. Nogueira does not contend that there is some other reason he should be considered to be in the custody of ICE.[3] In fact, the record reveals that ICE notified Nogueira on May 17, 2013, that he would not be taken into physical custody by ICE but would be placed on supervised

---

[3] Nogueira does not challenge the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. See Alvarez v. Holder, 454 Fed. App'x 769 (11th Cir. 2011).

3

release. See Doc. Nos. 7-2, 7-3. On May 18, 2013, the ICE detainer was lifted and BOP officials at D. Ray James Correctional Institution were notified that Nogueira would not be taken into ICE custody upon the completion of his sentence. (Doc. No. 7-2 at ¶ 6; Doc. No. 7-4). Nogueira was released from BOP custody on June 4, 2013. Because this Court can no longer give Nogueira any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." Al Najjar v. Ashcroft, 273 F. 3d 1330, 1336 (11th Cir. 2001).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Nogueira's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE